# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 11, 2020

Lyle W. Cayce
Clerk

No. 19-30997

George Webb,

*Plaintiff—Appellee*,

*versus*

Mike Stone, individually and in his official capacity,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:17-CV-1605

Before Barksdale, Elrod, and Ho, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellee George Webb sued Defendant-Appellant Mike Stone, the sheriff of Lincoln Parish, Louisiana, under 42 U.S.C. § 1983, after Stone terminated Webb's employment as a deputy in the Lincoln Parish Sheriff's Office. Webb alleged that Stone fired him for exercising his constitutional rights, including his right to run for public office and his right

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

to speak about his own political campaign. Denying most of the facts alleged in Webb's complaint and asserting qualified immunity, Stone moved for summary judgment. The district court granted the motion in part and denied it in part. Notably, the district court denied summary judgment on Webb's First Amendment claim, holding that, when genuinely disputed facts are assumed in Webb's favor, Stone's actions constitute a violation of clearly established law. Stone brought this interlocutory appeal to challenge that conclusion. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) (holding that denials of qualified immunity are immediately appealable under 28 U.S.C. § 1291).

"On an appeal of a denial of summary judgment on the basis of qualified immunity, our jurisdiction is limited to examining the materiality of factual disputes the district court determined were genuine." *Cole v. Carson*, 935 F.3d 444, 452 (5th Cir. 2019) (en banc). In other words, in an interlocutory appeal such as this one, we "consider only whether the district court erred in assessing the legal significance of the conduct that the district court deemed sufficiently supported for purposes of summary judgment." *Id.* (quoting *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015)). Thus, accepting the genuineness of material factual disputes identified by the district court and assuming all genuinely disputed facts in favor of the nonmovant, we ask (1) whether the facts show the violation of a constitutional right that (2) was clearly established at the time of the violation. *Id.* at 451–52.

Here, the district court concluded that nearly every material fact is the subject of a genuine dispute. Specifically, the district court observed genuine disputes of material fact concerning: whether Webb caused a disruption in the workplace; "what the exact time, place, and manner of Webb's activities were"; whether Webb engaged in "hostile, abusive, or insubordinate" behavior; and, critically, whether Stone's termination of Webb was motivated by Webb's political speech.

Two examples suffice. Stephen Williams, who was Webb's supervisor and rumored to be "Stone's hand-picked successor," was politicking in the office. The fact that Webb was fired, while Williams was not, raises a factual dispute about whether Stone's actions were politically motivated. Stone responds that Webb had been insubordinate, including calling the sheriff a "son of a b—" in private meetings. But Webb asserts that he "does not recall" making the comment, that Stone was not present, that it at most concerned a single incident, and that Webb was never disciplined in any way for the purported affront. Those examples are not exhaustive. But they go to show, as the district court concluded, that "factual dispute[s] must be resolved to make the qualified immunity determination" in this case. *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009). That means we "lack jurisdiction over the appeal." *Id.*

It has been clearly established for 50 years "that a state cannot condition public employment on a basis that infringes the employee's constitutionally protected interest in freedom of expression." *Connick v. Myers*, 461 U.S. 138, 142 (1983) (citing *Keyishian v. Bd. of Regents*, 385 U.S. 589, 605–06 (1967)) (additional citations omitted); *see also Maldonado v. Rodriguez*, 932 F.3d 388, 393 (5th Cir. 2019) ("In a series of cases, this court has . . . concluded that the politically-motivated demotions or terminations of . . . Deputy Sheriffs . . . were actions not only afoul of the First Amendment but, as of 1993, so 'clearly established' as to negate the defense of qualified immunity."); *Vojvodich v. Lopez*, 48 F.3d 879, 887 (5th Cir. 1995). Viewing all of the disputed material facts in Webb's favor, we cannot say that the district court erred by finding Stone ineligible for qualified immunity or by denying in part his motion for summary judgment.

Stone's arguments to the contrary fall short. First, he contends that as a factual matter, "Webb's protected speech did not lead to his termination." But the district court expressly concluded that "genuine

issues of material fact preclude finding that Webb's decision to run for sheriff was not a motivating factor in this case." That dispute is certainly material, and this court may only review issues' "materiality, not their genuineness." *Manis*, 585 F.3d at 842.

Similarly, Stone argues that "it is manifest that the sheriff reasonably concluded that Webb . . . incited a situation sufficiently serious to impact morale and function." But the district court noted several "disputes of fact relevant to determining whether Webb's behavior was disrupting close working relationships" including whether Webb's "activities actually caused disruption in the workplace." We simply lack the jurisdiction to adjudicate the factual questions that Stone asks us to resolve.

Finally, Stone contends that even assuming a violation had occurred, the right was not clearly established. Viewing the record in the light most favorable to Webb, Stone terminated Webb because of Webb's decision to run for sheriff, even though Webb's actions did not negatively impact the office's ability to function. This circuit has made clear that "by January 1992 at the latest, the law was . . . clear that . . . a public employer cannot act against an employee because of the employee's affiliation or support of a rival candidate unless the employee's activities in some way adversely affect the government's ability to provide services." *Vojvodich*, 48 F.3d at 887. The district court did not err by holding that the law was clearly established.

\*       \*       \*

Lacking jurisdiction to review the genuineness of the factual disputes identified by the district court and concluding that those factual disputes are material to the question of qualified immunity, we DISMISS Stone's interlocutory appeal and REMAND the case to the district court for further proceedings.